UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

K.C. TROWELL,

     Plaintiff,

                             Case. No. 3:06-cv-980-J-25HTS

vs.

THE SOUTH FINANCIAL
GROUP, INC., a South
Carolina corporation,

     Defendant.

_____

**O R D E R**

     This cause is before the Court on the Motion for Attorney's Fees (Doc. #29; Motion). The Motion is opposed. *See* Memorandum in Opposition to Motion for Attorney's Fees (Doc. #31); Notice of Filing Affidavit (Doc. #32; Notice).

     On April 13, 2007, the Court entered an Order (Doc. #24; Order) that, in relevant part, required

> the parties [to] meet and attempt to agree upon an appropriate sum representing Defendant's attorney fees and costs in connection with preparation of [The South Financial Group, Inc.'s Motion to Compel Initial Disclosures (Doc. #20; Motion to Compel)], which are to be reimbursed by Plaintiff. If agreement cannot be reached, Defendant shall file a further motion with attached affidavits sufficient to demonstrate the reasonable fees and expenses incurred in bringing the Motion [to Compel].

The hours expended and hourly rate sought in connection with the preparation of the Motion to Compel are set forth in the Declaration of William E. Adams, Jr. (Adams Declaration), attached

to the Motion as Exhibit C.  A separate declaration attesting to the reasonableness of the requested fee has also been submitted. *See* Declaration of Edward M. Whelan (Whelan Declaration), attached to the Motion as Exhibit D.

In assessing the propriety of the fees sought, the Court must determine whether any of the hours expended should be excluded as excessive, redundant, or unnecessary. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988); *see also Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  The "applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.  "[T]ime expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . ." *Am. Civil Liberties Union of Ga.*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303) (second alteration in original).

Plaintiff argues "that the hourly rate of $320.00 . . . is excessive and unreasonable[ and that] the reasonable hourly rate . . . should not exceed $200.00[.]"  Affidavit of Kelly B. Mathis, attached to the Notice, at [externally numbered] 3-4.  It is further contended "that the hours spent researching and drafting a simple and straight forward Motion to Compel should reasonably be less than the 4.3 hours claimed[ and] no more than 2.5 hours should have been incurred." *Id.* at [externally numbered] 4.

Despite Plaintiff's arguments, the Court is not convinced that either the hours spent or hourly rate sought by counsel for Defendant are unreasonable.  The total time expended as itemized in the Adams Declaration was 4.3 hours.  *See* Adams Declaration at 2. This does not appear to be unreasonable in light of the length of the Motion to Compel and the analysis contained therein.  Mr. Adams further states that he charges $320 per hour, *id.* at 3, and another attorney has certified that "[t]he fees reflected in the Adams Declaration do not exceed and generally are within the market range for rates charged for similar work by other attorneys in [the] Jacksonville area in the field of commercial litigation."  Whelan Declaration at 3.  This rate is also determined to be reasonable in light of the Court's knowledge of hourly rates charged by lawyers of similar experience levels in the Jacksonville community.  Thus, an hourly rate of $320 will be allowed and the total attorney fees to be reimbursed by Plaintiff are $1,376.00.

Fees of $640.00 are also requested in connection with the preparation of the instant Motion.  However, insofar as the Court directed the filing of a motion if agreement could not be reached as to a reasonable fee, *see* Order, and did not contemplate a shift of fees for preparation of any such motion, reimbursement for that time will not permitted.

In light of the foregoing, the Motion (Doc. #29) is **GRANTED** to the extent Plaintiff is directed, within ten (10) days from the

date of this Order, to reimburse Defendant in the amount of $1,376.00.

   **DONE AND ORDERED** at Jacksonville, Florida, this 19th day of June, 2007.

                                   /s/        Howard T. Snyder
                                   HOWARD T. SNYDER
                                   UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
     pro se parties, if any

- 4 -